UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Nancy Melany Ordonez Morales,
        Petitioner

        v.                                    Case No. 26-cv-553-SM-AJ

Christopher Brackett, Superintendent
of the Strafford County Department
of Corrections, et al.,
        Respondents


**O R D E R**


Nancy Melany Ordonez Morales is a civil immigration detainee from Guatemala.  She brings this habeas corpus petition seeking a court order directing respondents to release her immediately from ICE custody or, in the alternative, an order directing the federal respondents to provide her with a prompt, constitutionally adequate bond hearing before a neutral decisionmaker.  See generally 28 U.S.C. § 2241.  On July 7, 2026, the respondents were directed to show cause why the court should not grant the petition to the extent it seeks an order directing them to afford petitioner a bond hearing based upon her apparent membership in the class certified in Guerrero Orellana v. Moniz, 813 F. Supp. 3d 185 (D. Mass. 2025), and/or her similarity to the petitioner in Destino v. FCI Berlin,

Warden, No. 25-cv-374-SE-AJ, 2025 WL 4010424 (D.N.H. Dec. 24, 2025).

The federal respondents filed their response to the order to show cause on July 9, 2026, in which they maintain that Destino and Guerrero Orellana were wrongly decided, assert that petitioner is an "applicant for admission" subject to mandatory detention pursuant to 8 U.S.C. § 1225, and object to the court granting the relief she seeks.  See Response to Order to Show Cause (document no. 6).  Nevertheless, they acknowledge that petitioner is similarly situated to the petitioner in Destino. They also concede that if the court were to apply Destino's reasoning to the facts presented in this case, it would reach the same result.

**Conclusion**

The respondents have failed to show cause why the court should not order them to afford petitioner a bond hearing before an immigration judge (IJ).  Because the court concludes that the reasoning in Destino applies in this case, the Petition for Writ of Habeas Corpus (document no. 1) is granted, in part.  The respondents are ordered to provide petitioner with a constitutionally adequate bond hearing before an IJ as soon as practicable, at which the government will bear the burden to

2

either: (1) prove by a preponderance that petitioner is a flight risk; or (2) prove by clear and convincing evidence that she poses a danger to the community.  See Destino, 2025 WL 4010424 at *8.  See also Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021).

If the government fails to provide a bond hearing, the court will set appropriate terms and conditions of the petitioner's release during the pendency of his removal proceedings.

To the extent petitioner seeks an order directing her immediate release, that request is denied without prejudice. The court finds that a bond hearing before an IJ is sufficient to protect her rights at this stage.

The government shall file a status report within fourteen days.

    **SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

July 9, 2026

cc:  Counsel of Record

3